601 A.2d 924

**Robert W. GRAY and Margaret J. Gray, his wife and Merle A. Yellets and Helen L. Yellets, his wife, Appellants,**

**v.**

**Lee A. BARNHART and Mary Jo Barnhart, his wife t/d/b/a Windmill Farms Skeet and Trap, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 1991.

Decided Jan. 6, 1992.

George A. Conti, Jr., for appellants.

Leonard R. Reeves, for appellees.

Before McGINLEY and SMITH, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Robert W. Gray and Margaret J. Gray, husband and wife and Merle A. Yellets and Helen L. Yellets, husband and wife (appellants), appeal an order of the Court of Common Pleas of Westmoreland County which granted summary judgment in favor of Lee A. Barnhart and Mary Jo Barnhart, husband and wife, t/d/b/a Windmill Farms Skeet and Trap (appellees). We vacate and remand for further proceedings.

Appellants filed a complaint in equity alleging that they each own a parcel of property in Derry Township where they reside. They further alleged than the Barnharts own an adjoining parcel of property[1] on which they operate a shooting range. Appellants sought to enjoin the use of the property and allege that it constituted a nuisance in fact because of the noise generated. The appellees filed a motion for summary judgment and argue that the appel-

---

1. In their answer to the appellants' complaint, the Barnharts denied owning the property, alleging instead that it was owned by Windmill Farms, Inc., a Pennsylvania corporation.

lants' lawsuit is determined by the Act of June 2, 1988, P.L. 452, 35 P.S. §§ 4501–02 (Supp.1991–92), which provides:

All owners of rifle, pistol, silhouette, skeet, trap, black-powder or other ranges in this Commonwealth shall be exempt and immune from any civil action or criminal prosecution in any matter relating to noise or noise pollution resulting from the normal and accepted shooting activity on ranges, provided that the owners of the ranges are in compliance with any applicable noise control laws or ordinances extant at the time construction of the range was initiated.

35 P.S. § 4501. Furthermore:

The owners of the ranges shall not be subject to any action for nuisance, and no court in this Commonwealth shall enjoin the use or operation of the ranges on the basis of noise or noise pollution, provided the owners of the ranges are in compliance with any applicable noise control laws or ordinances extant at the time construction of the range was initiated.

35 P.S. § 4502. The appellees filed an affidavit from the Derry Township supervisors that there are no ordinances which relate specifically to noise or noise control. The trial court thus held that, since there were no noise control ordinances in existence at the time construction of the range was commenced, the above quoted legislation required that the appellees' motion for summary judgment be granted and that the appellants' complaint be dismissed. This appeal followed.

Appellants argue that there are three separate reasons why the trial court's order must be reversed. They argue initially that the trial court's interpretation of the legislation was incorrect. They next argue that the township's ordinance prohibiting nuisances in general is a "noise" ordinance within the meaning of the legislation. Finally, they argue that the legislation is unconstitutional.[2]

2. As the appellants' second argument draws into question the applicability of the Township's nuisance ordinance, we point out that this

 The appellees raise a preliminary point which must be discussed. They argue that the portion of the appellants' brief dealing with the question of constitutionality should be quashed because that question was raised for the first time on appeal. It is well settled that constitutional challenges to legislation not raised in the trial court and raised for the first time on appeal are waived. *McSwain v. Commonwealth,* 103 Pa.Commonwealth Ct. 326, 520 A.2d 527 (1987). Since the appellants are attempting to raise a constitutional challenge to the legislation for the first time on appeal, we need not consider that question because it has been waived.[3]

We do agree with the appellants' argument that the trial court placed an incorrect interpretation on the legislation. That court took the view that since there was no noise control ordinance at the time construction of the shooting range was commenced, this operated as an absolute bar to any suits against the range based upon noise. Appellants, on the other hand, argue that immunity exists only if a noise control ordinance were in existence when the range was constructed and the range complied with the provisions of that noise control ordinance. We must admit that the legislation could be read in either fashion. We must also note that this is a case of first impression as no appellate court has passed upon the meaning of this legislation. Resort to the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991 is necessary.

 As the Legislature has stated, "When the words of a statute are clear and free from all ambiguity, the letter of it may not be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The Supreme Court has also held that the courts may use the rules concerning statutory construction to determine legislative intent only where the

Court has jurisdiction over this matter pursuant to 42 Pa.C.S. § 762(a)(4)(i)(B).

**3.** The trial court stated in its opinion that it believed the legislation could well be unconstitutional but was prevented from so ruling because the appellants did not make that argument.

meaning of the statute is unclear. *Coretsky v. Board of Commissioners of Butler Township,* 520 Pa. 513, 555 A.2d 72 (1989). As we have already pointed out, because this statute is capable of at least two interpretations, we are permitted to employ the rules of construction to determine what the Legislature intended.

■■ We believe the following portions of 1 Pa.C.S. § 1922 are particularly apt in this case:

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

. . . .

(5) That the General Assembly intends to favor the public interest as against any private interest.

The interpretation urged by the appellees and accepted by the trial court is, in our view, unreasonable. If that interpretation were to be accorded this legislation, the use of land as a shooting range could not be stopped even if the noise resulting therefrom constituted a clear nuisance. Not only is such an interpretation unreasonable, it would favor the private interest of the owner of the range over the public interest of all adjoining landowners. Accordingly, we believe that the immunity afforded by the legislation applies only where a noise control ordinance is in effect at the time the shooting range is constructed and the range is in compliance with the provisions of that ordinance. As Derry Township had no noise control ordinance in effect when this range was constructed, the question of whether such use is a nuisance must be litigated.[4]

4. We obviously express no view on whether this shooting range is a nuisance based upon the noise therefrom. To constitute a nuisance based upon noise, the question is whether the noise is unreasonable and unnecessary considering all of the circumstances involved. *Hannum v. Gruber,* 346 Pa. 417, 31 A.2d 99 (1943). Such a decision obviously requires factual findings which have yet to be made.

Vacated and remanded.[5]

## ORDER

NOW, January 6, 1992, the order of the Court of Common Pleas of Westmoreland County, dated November 4, 1990, at No. 2846 of 1990, is vacated and the case is remanded for further proceedings.

Jurisdiction relinquished.

---

**5.** Because of our disposition of this question, we need not consider the appellants' argument that the ordinance prohibiting nuisances in Derry Township is a "noise" ordinance within the meaning of this legislation.