620 A.2d 605

In re Assessment Appeal of William L. Reese and Margaret M. Reese, Husband and Wife, From Property Assessment Change Made By Crawford County Board of Assessment Appeals.

Appeal of William L. REESE and Margaret
M. Reese, his wife, Appellants.

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Jan. 20, 1993.

---

David L. Hotchkiss, for appellants.

44

John F. Spataro, for appellees.

Before DOYLE and PALLADINO, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

William and Margaret Reese, (Appellants) appeal an order of the Court of Common Pleas of Crawford County (trial court) which determined the assessed value of property owned by Appellants. We vacate and remand.

Appellants own commercial property located in Spartansburg, Crawford County. In 1984, the Crawford County Board of Assessment Appeals (Board) notified Appellants that under a reassessment the assessed value of their property was increased from $9,350.00 to $63,100.00 for tax year 1985.[1] The Board also notified Appellants that the new assessed value had been determined using an "established predetermined ratio" of 75% of current market value and not the common level ratio.

Appellants appealed to the Board, challenging both the fair market value assessed and the use of the established predetermined ratio. After a hearing, the Board reduced the fair market value of the property, but still used the 75% established predetermined ratio to obtain an assessed value of $30,000.

Appellants then appealed to the trial court. Appellants' sole contention dealt with the use of the established predetermined ratio in the computation of the assessed value. Appellants asserted that the common level ratio should have been used to determine the assessed value of the property. Both sides agreed that no facts were in dispute, and filed motions for summary judgment. The trial court entered summary judgment in favor of the Board.

1. To determine the assessed value, the Board multiplies the market value by either the common level ratio or the established predetermined ratio.

The issue on appeal to this court is whether the trial court erred, for tax year 1985, by using the established predetermined ratio in computing the assessed value of the property.[2]

In a tax assessment case the trial court is required to make two determinations: (1) the fair market value of the property at issue [3]; and (2) the correct assessment ratio to be applied to that market value in order to calculate the assessed value. *Harrisburg Park Apartments, Inc. Appeal*, 88 Pa.Commonwealth Ct. 410, 489 A.2d 996 (1985).

In order to determine the correct assessment ratio, the trial court must compare the common level ratio with the established predetermined ratio, pursuant to 72 P.S. § 5453.-704(c).[4] If the established predetermined ratio varies by more than fifteen per centum (15%) from the common level ratio, the common level ratio is to be used; otherwise the established predetermined ratio is to be used.

The common level ratio is a number determined by the State Tax Equalization Board (STEB) each year based on property sales in the local county and throughout the state as a whole. This number is published every June or July for the previous calendar year. Hence, the "calendar year" 1983 common level ratio is published in June of 1984.

The dispute in this case centers on which common level ratio should be used in the comparison with the established predetermined ratio.

The tax year in question is 1985. Appellants contend that the correct common level ratio to be used is the ratio published in June of 1984. The Board argues that the correct

2. Pursuant to Section 5453.704(f) of the Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, art. I, § 101, *as amended*, 72 P.S. § 5453.704(f), the tax years subsequent to the original tax year appealed, but prior to the appeal to this court, are deemed to be automatically included in the appeal.

3. Appellants are not disputing the fair market value determined by the board and it is not an issue on appeal.

4. The established predetermined ratio is 75% for all years in question.

common level ratio to apply is that published in 1986, the "calendar year" 1985 common level ratio.

In addressing this issue, we first look at § 704, which states:

(b) In any appeal of an assessment the court shall make the following determinations:

(1) The market value....

(2) *The common level ratio which was applicable in the original appeal to the board.* In the event subsequent years have been made a part of the appeal, the court shall determine the respective common level ratio for each such year published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed.

(Emphasis added.)

Section 704 directs the court to use the common level ratio applicable in the original appeal to the board. Following the mandate of § 704 we next look to § 702, which states:

(b) In any appeal of an assessment the board shall make the following determinations:

(1) The market value as of the date such appeal was filed before the board.

(2) *The common level ratio published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed to the board.*

(Emphasis added.)

Following § 702(b)(2) we use the common level ratio published on or before July 1 of the year prior to the tax year being assessed. Since the tax year in question in this appeal is 1985, we use the common level ratio published in June of 1984.

The Board, on the other hand, argues that the trial court correctly followed *In Re Jostens, Incorporated,* 97 Pa.Commonwealth Ct. 106, 508 A.2d 1319 (1986), and *Walnut–Twelve Associates v. The Board of Revision of Taxes of the City of Philadelphia,* 131 Pa.Commonwealth Ct. 404, 570 A.2d 619 (1990), *appeal denied,* 525 Pa. 652, 581 A.2d 577. The Board proffers that the latest common level ratio that spanned the

tax year in question is the ratio to use when making the comparison with the established predetermined ratio. This is the common level ratio for calendar year 1985 which was published in 1986.

We reject the Board's argument because we find both *Jostens* and *Walnut–Twelve* distinguishable. *Jostens* was decided in 1986, at a time when § 702(b)(2) and § 704(b)(2) instructed the courts to determine merely "[t]he common level ratio." After the decision in *Jostens* was handed down the legislature amended the language in both statutes to add "published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed to the board." Finally, the amendment was made applicable to all cases pending before a board of assessment, or court. Act of June 15, 1987, P.L. 23, § 3.

Because *Jostens* was decided before substantial changes were made by the legislature, we hold *Jostens* distinguishable from the present case, and as such, is not controlling.

*Walnut–Twelve*, a case decided after the 1987 amendments, did not address the statutes presently before us.

Having held that the trial court erred in its determination of the proper common level ratio, we next turn to the procedure set forth in § 704(c). Section 704(c) states:

(c) The court, after determining the market value of the property pursuant to subsection (b)(1), shall then apply the established predetermined ratio to such value unless the corresponding common level ratio determined pursuant to subsection (b)(2) varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the current shall apply the respective common level ratio to the corresponding market value of the property.

As stated earlier the established predetermined ratio is 75% for all years in question. A comparison of the common level ratio to the established predetermined ratio, reveals the following:

48

| TAX YEAR | PREDETER-MINED RATIO | ALLOWABLE VARIANCE [5] | COMMON LEVEL RATIO | RATIO TO BE USED |
|---|---|---|---|---|
| 1985 | 75% | | 11.9%[6] | 11.9% |
| 1986 | 75% | 63.75% | 12.1%[7] | 12.1% |
| 1987 | 75% | to | 71.3%[8] | 75.0% |
| 1988 | 75% | 86.75% | 74.4%[9] | 75.0% |
| 1989 | 75% | for | 70.8%[10] | 75.0% |
| 1990 | 75% | all | 68.2%[11] | 75.0% |
| 1991 | 75% | years | 61.9%[12] | 61.9% |
| 1992 | 75% | | 58.7%[13] | 58.7% |

Following the dictates of § 704(c) we conclude that the correct assessment ratio for tax years 1985 and 1986 are the common level ratios above; that for tax years 1987 through 1990 the established predetermined ratio of 75% should be used and for tax years 1991 and 1992 the correct assessment ratios are the common level ratios above.

The trial court erred when making its computation of the assessment ratio. We vacate and remand with directions to the trial court to enter an order calculating the assessment in accordance with the foregoing opinion.

## ORDER

AND NOW, January 20, 1993, the order of the Court of Common Pleas of Crawford County in the above-captioned matter is vacated and the case is remanded with instructions to use the following ratios in calculating the assessment:

1. For tax years 1985 and 1986 the common level ratios applied shall be the ratios published in 1984 and 1985, respectively.

5. This is plus and minus 15% of the 75% established predetermined ratio.

6. STEB ratio published at 14 Pa.B. 2097–98 in 1984.

7. STEB ratio published at 15 Pa.B. 2690–91 in 1985.

8. STEB ratio published at 16 Pa.B. 3263–64 in 1986.

9. STEB ratio published at 17 Pa.B. 5302–03 in 1987.

10. STEB ratio published at 18 Pa.B. 2962–63 in 1988.

11. STEB ratio published at 19 Pa.B. 3015–16 in 1989.

12. STEB ratio published at 20 Pa.B. 3551–52 in 1990.

13. STEB ratio published at 21 Pa.B. 3200–01 in 1991.

2. For tax years 1987 through 1990, inclusive, the predetermined ratio of seventy-five (75%) percent shall be applied.

3. For tax years 1991 and 1992 the common level ratios applied shall be the ratios published in 1990 and 1991, respectively.

Jurisdiction relinquished.