646 A.2d 614

In re Appeal of PARK TERRACE APARTMENTS, INC. from the decision of the Board of Revision of Taxes and Appeals of the City of Chester, relating to the premises known as Park Terrace Apartments East, situate at 1201–1235 Ward Street and 1249–1259 Curran St., Chester Co. of Del., Pennsylvania relating to triennial real estate assessment assessed July 1, 1990 for Folio No. 11–2123–92,

City of Chester and Chester–Upland School District, Appellants.

In re Appeal of PARK TERRACE APARTMENTS, INC. from the decision of the Board of Revision of Taxes and Appeals of the City of Chester, relating to the premises known as Park Terrace Apartments South, situate at 1201–1242 A & B Ward St., Chester, County of Delaware, Pennsylvania, relating to triennial real estate assessment assessed July 1, 1990 for Folio No. 11–2123–91,

City of Chester and Chester–Upland School District, Appellants.

In re Appeal of PARK TERRACE APARTMENTS, INC. from the decision of the Board of Revision of Taxes and Appeals of the City of Chester, relating to the premises known as Park Terrace Apartments North, situate at 1101–1127 A & B Ward St., Chester, County of Delaware, Pennsylvania, relating to triennial real estate assessment assessed July 1, 1990 for Folio No. 11–2123–90,

City of Chester and Chester–Upland School District, Appellants.

In re Appeal of PARK TERRACE APARTMENTS, INC. from the decision of the Board of Revision of Taxes and Appeals of the City of Chester, relating to the premises known as Park Terrace Apartments West, situate at 1201–1247 Ward Street and 1200–1230 Curran St., Chester, Co. of Del., Pennsylvania, relating to triennial real estate assessment assessed July 1, 1990 for Folio No. 11–2123–93,

City of Chester and Chester–Upland School District, Appellants.

Commonwealth Court of Pennsylvania.

Argued May 10, 1994.

Decided July 22, 1994.

Peter J. Nolan, for appellant City of Chester.

Frank J. Wesner, Jr., for appellee Park Terrace Apartments, Inc.

Before McGINLEY and KELLEY, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

The City of Chester (Chester) and the Chester–Upland School District (School District) (collectively, Appellants) appeal four orders of the Common Pleas Court of Delaware County (common pleas court) that determined that the common level ratio [1] of 3.3% applies to property assessed by Chester.[2]

Park Terrace Apartments, Inc. (Park Terrace) appealed from a triennial tax assessment by Chester for the tax years 1991, 1992 and 1993, which set Park Terrace's property tax in the amount of $525,000 per annum for city and school tax purposes. Park Terrace appealed the assessment to the Board of Revision of Taxes and Appeals of the City of Chester (Board) and a hearing was held on October 12, 1990. After the hearing the Board applied a ratio of assessed value to market value (established predetermined ratio [3]) of twenty

1. The concept of a "common level ratio" was annunciated in *Deitch Co. v. Board of Property Assessment Appeals & Review*, 417 Pa. 213, 209 A.2d 397 (1965) whereby the Pennsylvania Supreme Court determined that "a taxpayer should pay no more or no less than his proportionate share" and that "[i]mplementation of this principle would require that an owner's assessment be reduced so as to conform with the common level of assessment in the taxing district." *Id.* at 220, 209 A.2d at 401.

2. By order dated September 25, 1993, this Court consolidated the four appeals.

3. Section 504(c) of The Third Class City Code (Code), Act of June 24, 1931, P.L. 932, *as amended*, 53 P.S. § 37504(c) defines "established

percent in determining the triennial assessment for each property. Park Terrace appealed to the common pleas court and the parties stipulated to the following: 1) that the fair market value of Park Terrace West was $1,638,000; 2) that the fair market value of Park Terrace East was $981,000; 3) that the fair market value of Park Terrace North was $981,-000; 4) that the fair market value of Park Terrace South was $900,000; 5) that the total market value for the entire apartment complex was $4,500,000; and 6) that the common level ratio for Delaware County for 1991 was 3.3%. Before the common pleas court Chester admitted that its established predetermined ratio was 20%. On May 19, 1993, the common pleas court found that the application of the common level ratio of 3.3% was mandated by Section 521 of the Code[4], 53 P.S. § 37521 and applied the ratio to the stipulated fair market value of each property. Chester and the School District appeal.

■ Appellants contend that the existence of a county common level ratio does not foreclose a third class city from utilizing its own ratio for city and school assessments. We note that our scope of review in a tax assessment appeal is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its decision is supported by substantial evidence. *Walnut–Twelve Associates v. Board of Revision of Taxes of the City of Philadelphia,* 131 Pa.Commonwealth Ct. 404, 570 A.2d 619, *petition for allowance of appeal denied,* 525 Pa. 652, 581 A.2d 577 (1990).

■ Initially Appellants argue that because the State Tax

predetermined ratio as a ratio of assessed value to market value established by the city council and uniformly applied in determining assessed value in any year."

4. Section 521(c) provides:

The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies by more than fifteen per centum from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.

Equalization Board (STEB) statute [5] provides for a common level ratio based upon *county* assessments only, it reasonably follows that it has no relation to the ratio set by the City and therefore it is unreasonable to apply the county common level ratio to the City's separate and independent assessments for city and school tax purposes.

Section 19 of the Act of June 26, 1931, P.L. 1379 (Assessments in Counties of the Third Class) (Act), *as amended,* 72 P.S. § 5350j(a) [6] provides that any qualified city may enact an ordinance whereby the city specifically accepts the provisions of the Act. 72 P.S. § 5350j(a). When the City opts to be governed by the provisions of the Act it may establish its own predetermined ratio. If the City establishes a different predetermined ratio, however, it must apply such ratio to the actual valuation *supplied by the county* to determine assessed value for tax purposes. Further, the City's established predetermined ratio, if different from the ratio selected by the county,

5.  The purpose of the STEB is "to convert aggregate taxable assessments in each school district which are determined by Statewide dissimilar procedures into aggregate market values based on Statewide uniform procedures." 61 Pa.Code § 601.2. In 1982 the legislature mandated the STEB to establish annually a common level ratio of assessed value to market value in each county for the prior calendar year.

6.  72 P.S. § 5350j(a) provides:

    Any city in any county wherein such a board is created under this act may become subject to the provisions of this act, and the mayor and council of any such city may effect the same by an ordinance duly passed. A copy of such ordinance, shall be forwarded to and filed in the office of the Secretary of the Commonwealth, and, when so filed, the Governor shall, under the great seal of the Commonwealth, certify the acceptance of the provisions of this act, which certificate shall be recorded among the minutes of the council and in the office for the recording of deeds in the proper county.

    Section 1.1 of the Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. § 5452.1a gives the following pertinent definitions:

    "**Common level ratio**" shall mean the ratio of assessed value to current market value used generally in the county as last determined by the State Tax Equalization Board pursuant to the act of June 27, 1947 (P.L. 1046, No. 447), referred to as the State Tax Equalization Board Law. (footnotes omitted).

    "**Established predetermined ratio**" shall mean the ratio of assessed value to market value established by the Board of Property Assessment, Appeals and Review and uniformly applied in determining assessed value in any year.

may be set at any value up to and including the actual valuation supplied by the county.  72 P.S. § 5350j(b).

A review of the record reveals that the City, through the Mayor and Council, has not duly passed an ordinance expressly subjecting itself to the Act.  Further, the City failed to use the appropriate assessments for properties within the City in accordance with the Act.  Because the City failed to comply with the Act's mandatory provisions it is without authority to tax as if it complied with the Act.

■ The only other statute whereby the City derives the power to tax real estate is the Third Class City Code (Code), 53 P.S. §§ 35101–39701.  Pursuant to the Code the City enjoys the authority to assess and tax.  To maintain a check upon the amount such cities may assess there is a statutory requirement that their ratios may not vary more than 15% from the common level ratio.  53 P.S. § 37521(c).[7]  The provision also requires a court to apply the common level ratio if there is more than a 15% variance.  53 P.S. § 37521(c).  In the present case the common pleas court, based upon the testimony of the Assessor for the City, found the City's established predetermined ratio to be 20%.  Pursuant to the Code the common pleas court's first calculation is to take 15% of the established predetermined ratio (15% of 20% = 3%). Next, the common pleas court both added this figure to the established predetermined ratio (20% + 3% = 23%) and subtracted this figure from the established predetermined ratio (20% − 3% = 17%).[8]  The result was a "window" (between

7.  Section 37521(c) provides:

> The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies by more than fifteen per centum from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.

8.  "[I]n *City of Wilkes–Barre Industrial Development Authority v. Board of Tax Assessment Appeals of the County of Luzerne*, 100 Pa.Commonwealth Ct. 486, 514 A.2d 1012 (1986), this court has determined that the correct method of calculation is that 15% of the established predetermined ratio is to be added to and subtracted from the established predetermined ratio to ascertain when the common level ratio is to be

17% and 23%) within which the common level ratio must fall. Since the common level ratio of 3.3% does not fall within the "window" then the common pleas court properly applied the common level ratio as required under the Code.

Appellants assert that the variance requirement found at 53 P.S. § 37521(c) does not apply to them. They cite no pertinent statute or case law in support of this assertion. Appellants argue that the legislature did not intend that the common level ratio be applied to every tax appeal and further cite *McKinney v. Board of Commissioners of Allegheny County*, 488 Pa. 86, 410 A.2d 1238 (1980); *Carl v. Southern Columbia Area School District*, 41 Pa.Commonwealth Ct. 527, 400 A.2d 650 (1979); *Gray v. Barnhart*, 144 Pa.Commonwealth Ct. 474, 601 A.2d 924, *petition for allowance of appeal denied*, 533 Pa. 602, 617 A.2d 1276 (1992). Appellants maintain that the law confirms the proposition that courts have refused to implement clear and unambiguous statutes where the results are unreasonable and favor a private interest over a public interest. In *McKinney* the Supreme Court found that Act 100, although clear and unambiguous, did not apply to Allegheny County because its application would lead to unequal tax treatment. Likewise, in *Carl* this court found the Southern Columbia Area School District's occupation tax violated the uniformity clause of Article 8, Section 1 of the Constitution of the Commonwealth of Pennsylvania because the tax resulted in unequal taxes being paid by residents with the same occupation who were receiving the same services. This inequality was the result of a bi-county school district wherein each county established a different occupational valuation. In *Gray*, on the other hand, this court properly resorted to the rules of statutory construction to determine the intent of the General Assembly when it enacted a nuisance statute which this court found was capable of two different interpretations

applied." *In Re: Appeal of Armco, Inc.*, 100 Pa.Commonwealth Ct. 452, 457 n. 5, 515 A.2d 326, 328 n. 5 (1986), *petition for allowance of appeal denied*, 516 Pa. 643, 533 A.2d 714 (1987); *See also, Cedarbrook Realty, Inc. v. Cheltenham Township*, 148 Pa.Commonwealth Ct. 310, 611 A.2d 335, *petition for allowance of appeal denied*, 533 Pa. 637, 621 A.2d 582 (1992).

and therefore ambiguous. Each of these cases are distinguishable from the current controversy; both *McKinney* and *Carl* involved unequal tax treatment and *Gray* involved a statute which was ambiguous. We are not confronted with alleged unequal tax treatment, nor are we faced with an ambiguous statute.

Finally, Appellants argue that the proper application of this statute is unreasonable and injurious to the public. We find such an argument unpersuasive. The statute is clear and unambiguous and, as such, we will not disregard its letter under the pretext of pursuing its spirit. *Coretsky v. Board of Commissioners of Butler County*, 520 Pa. 513, 555 A.2d 72 (1989).

Accordingly we affirm the decision of the common pleas court.

## ORDER

AND NOW, to wit, this 22nd day of July, 1994, the orders of the Court of Common Pleas of Delaware County at Nos. 90–20675, 90–20676, 90–20678 and 90–20679 and dated May 19, 1993 are affirmed.