**Joseph SIMS, Appellant**

v.

**BERKS COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 15, 2005.

Decided Feb. 3, 2006.

 

Richard H. Bergeman, III, Fleetwood, for appellant.

Deborah A. Sottosanti, Reading, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Joseph Sims appeals an order of the Court of Common Pleas of Berks County (trial court) dismissing his assessment appeal. The trial court held that the Berks County Board of Assessment Appeals (Board) was correct to apply the established predetermined ratio, instead of the common level ratio as desired by Sims, to calculate the assessment value of Sims' property. We affirm.

Sims is the owner of property located at 804 Maplewood Drive, Douglassville, Berks County (Property). On October 8, 2004, the Board denied Sims' appeal of the assessment of his Property at $282,600 for the tax year 2005; the assessment value was equal to the Property's fair market value. In Berks County the predetermined ratio is 100% and, therefore, application of the predetermined ratio to the fair market value of the Property did not establish a different value for assessment purposes. Sims sought a reduction in his assessment by arguing to the Board that the common level ratio of 86.3%, not the predetermined ratio of 100%, should have been applied to the fair market value of the Property to calculate his assessment. The Board disagreed, denying Sims' appeal. Sims then appealed to the trial court, again asserting that the common level ratio should have been used to calculate his assessment. The trial court affirmed the Board's methodology, and Sims now appeals to this Court.

■ On appeal,[1] Sims raises one issue. He contends that under the applicable statute, the trial court was required to use the common level ratio, not the predetermined ratio, to establish the assessment value of the Property. This would have resulted in an assessment of $252,427 instead of $282,600.

■ We begin our analysis with the statute invoked by Sims. Section 9(a.1) of The General County Assessment Law, 72 P.S. § 5350(a.1) (Assessment Law),[2] establishes the rules for when the predetermined ratio must be used to establish an assessment of real property and when the common level ratio must used. Section 9(a.1) states as follows:

> The court, after determining the market value of the property pursuant to subsection (a)(1), *shall then apply the established predetermined ratio* to such value *unless the corresponding common level ratio* determined pursuant to subsection (a)(2) *varies by more than fifteen percent from the established predetermined ratio*, in which case the court shall apply the respective common level ratio to the corresponding market value of the property.

72 P.S. § 5350(a.1) (emphasis added). In sum, the predetermined ratio must be used unless the common level ratio varies from it by more than 15%.

Here, the predetermined ratio was established by the county commissioners of Berks County at 100%.[3] The common level ratio of 86.3% was established by the State Tax Equalization Board.[4] The question presented in Sims' appeal is whether the common level ratio of 86.3% varies by more than 15% from the predetermined ratio of 100%. If it does, then Section 9(a.1) requires the use of the common level ratio to calculate the Property's assessment.

The method for determining whether a common level ratio varies "by more than fifteen percent from the established predetermined ratio," 72 P.S. § 5350(a.1), has been directly addressed by this Court. In *Appeal of Park Terrace Apartments, Inc.,* 166 Pa.Cmwlth. 237, 646 A.2d 614 (1994), this Court held that this determination is made as follows:

> [the] first calculation is to take 15% of the established predetermined ratio (15% of 20% = 3%). Next, ... this figure [is added] to the established predetermined ratio (20% + 3% = 23%) and subtracted ... from the established predetermined ratio (20%–3% = 17%). The result [is] a "window" (between 17% and 23%) within which the common level ratio must fall.

*Id.* at 617 (footnote omitted). *Park Terrace* did not arise under the Assessment Law, but the language of the statute it

---

1. Our review of tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a decision not supported by substantial evidence. *Vees v. Carbon County Board of Assessment Appeals,* 867 A.2d 742, 745 n. 3 (Pa.Cmwlth.2005).

2. Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020.1–5020–602.

3. The "established predetermined ratio" is defined as the "ratio of assessed value to market value established by the board of county commissioners and uniformly applied in determining assessed value in any year." Section 1.1 of the Assessment Law, added by the Act of December 13, 1982, P.L. 1165, 72 P.S. § 5342.1.

4. The common level ratio is the "ratio of assessed value to current market value used generally in the county as last determined by the State Tax Equalization Board pursuant to the act of June 27, 1947 (P.L. 1046, No. 447), referred to as the State Tax Equalization Board Law." 72 P.S. § 5342.1.

construed was identical to that in Section 9(a.1) of the Assessment Law.[5] Further, the instructions in *Park Terrace* were not new but fully consonant with those given by this Court in prior cases. *See, e.g., City of Wilkes–Barre Industrial Development Authority v. Board of Tax Assessment Appeals of the County of Luzerne*, 100 Pa.Cmwlth. 486, 514 A.2d 1012, 1016 (1986)[6]; *Walnut–Twelve Associates v. Board of Revision of Taxes of City of Philadelphia*, 131 Pa.Cmwlth. 404, 570 A.2d 619, 625 (1990); *Appeal of Reese*, 153 Pa.Cmwlth. 42, 620 A.2d 605, 608 n. 5 (1993).

Here, the trial court followed, precisely, the instructions in *Park Terrace*. As noted, "the first calculation is to take 15% of the established predetermined ratio." *Park Terrace*, 646 A.2d at 617. The trial court did that, taking 15% of the Berks County predetermined ratio (15% of 100% = 15%). Next, that figure, 15%, was added to the predetermined ratio (100% + 15% = 115%) and subtracted from the predetermined ratio (100%–15% = 85%). The result was a window (between 85% and 115%) "within which the common level ratio must fall." *Park Terrace*, 646 A.2d at 617. The Berks County common level ratio of 86.3% fell within the window of 85% to 115%. Accordingly, the trial court held that it was required, under Section 9(a.1), to use the predetermined ratio to calculate Sims' assessment.

Sims challenges the trial court's calculation as inconsistent with the language of Section 9(a.1), contending that the trial court, and the Board, substituted the word "of" in place of the word "from" in Section 9(a.1). To determine whether the common level ratio "varies by more than fifteen percent *from* the established predetermined ratio," Sims suggests a different calculation. First, the difference between the predetermined ratio and the common level ratio would be calculated (100%– 86.3% = 13.7%). Next, that figure, 13.7%, would be divided by 86.3% (13.7% ÷ 86.3% = 15.875%). Because the predetermined ratio, 100%, is 15.875% greater than the common level ratio, 86.3%, it falls outside the maximum variance allowed in Section 9(a.1) of the Assessment Law. Thus, Sims contends, the trial court, and the Board, were required to use the common level ratio to determine the assessment value of the Property.

It is "irrefutably true," as noted by Sims in his brief, that the number 100 is 15.875% greater than the number 86.3. However, this mathematical truth is not dispositive of legislative intent. Sims would have the calculation begin with the common level ratio, but Section 9(a.1) has been construed to mean that the predetermined ratio is the beginning point for the calculation. The Board correctly began with the predetermined ratio (100%) and

5. *Park Terrace* arose from Section 521(c) of the Third Class City Code, Act of June 24, 1931, P.L. 932, *as amended*, which states:
The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value *unless the common level ratio varies by more than fifteen per centum from the established predetermined ratio*, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.
53 P.S. § 37521(c) (emphasis added).

6. Sims contends that *City of Wilkes–Barre* supports his argument, but it does not. In that case, we considered, and dismissed, the Board's argument that under Section 9(a)(1), the range, or "window," is determined by adding and subtracting 15 to the predetermined ratio. The Board overlooked the first step, which is to multiply the predetermined ratio by 15. It is only where, as here, that the predetermined ratio is 100, or 1, that the first step calculation yields 15, and not some other percentage.

established a range of 15% above and below that figure in order to ascertain whether the common level ratio (86.3%) fell within that range. To adopt Sims' methodology would require this Court to overrule *Park Terrace* and every other case that has held that the Board's methodology was the one to use. We have not been given a reason to take this step.

Sims also contends that this Court has retreated from the above methodology in more recent decisions.[7] However, the cases relied upon by Sims do not support his argument. In *Vees v. Carbon County Board of Assessment Appeals*, 867 A.2d 742 (Pa.Cmwlth.2005), the Court considered a constitutional question, not the applicability of the predetermined ratio in a case such as this one. Further, in *Appeal of Armco, Inc.*, 100 Pa.Cmwlth. 452, 515 A.2d 326, 329 n. 5 (1986), contrary to Sim's assertion, the Court affirmed the *Park Terrace* method of calculating the allowable variance, opining "[a]ny other interpretation would be absurd and unreasonable in contravention of section 3 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1922."[8]

Accordingly, the decision of the trial court is affirmed.

### ORDER

AND NOW, this 3rd day of February, 2006, the order of the Berks County Board of Assessment Appeals dated July 12, 2005, in the above-captioned matter is hereby affirmed.

---

7. Sims' argument regarding the Board's alleged improper substitution of "of" for "from" in Section 9(a.1) of the Assessment Law is a red herring. Regardless of the semantic difference between these two words, the beginning point in the calculation is always the predetermined ratio, not the common level ratio as Sims asserts.

8. Sims argues even though other properties are assessed using the predetermined ratio, his appeal can be granted without violating the uniformity requirement of the Pennsylvania Constitution. Sims notes that in *Armco*, we held that using different valuations, one for taxpayers who did not appeal and another for those who did appeal, was not unconstitutional. Sims correctly recites the holding in *Armco*. However, this point is of no moment because we do not grant his assessment appeal.