100 Pa. Commonwealth Ct. 452 (1986)
515 A.2d 326
In Re: Appeal of Armco, Inc. from the Decision of the Board of Assessment and Appeals of Butler County. Butler Area School District, Township of Butler, and the City of Butler, Appellants.
In Re: Appeal of Armco, Inc. from the Decision of the Board of Assessment and Appeals of Butler County. The Board of Assessment and Appeals of Butler County and Butler County, Appellants.
In Re: Appeal of United States Steel Corporation from 1984 Real Estate Assessment. The Board of Assessment and Appeals of Butler County, Appellant.
In Re: Appeal of United States Steel Corporation from 1984 Real Estate Assessment. The South Butler County School District of Saxonburg, Butler County, Pennsylvania, Appellant.
Nos. 926 C.D. 1985, 922 C.D. 1985, 1173 C.D. 1985 and 1174 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued May 14, 1986.
September 11, 1986.
*453 Argued May 14, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MacPHAIL, DOYLE, BARRY, COLINS and PALLADINO.
*454 Charles E. Dillon, Dillon, McCandless & King, for appellant, Butler Area School District.
Bruno A. Muscatello, Stepanian and Muscatello, for appellant, Township of Butler.
Martin J. O'Brien, for appellant, City of Butler.
Alexander H. Lindsay, Jr., with him, James W. Gerlach, Lindsay, Kemper & Lutz, P.C., for appellant, Board of Assessment Appeals of Butler County.
Timothy F. McCune, for appellant, South Butler County School District of Saxonburg.
Anthony R. Thompson, Thompson, Somach and Vangilder, for appellee, Armco, Inc.
Frank P. Krizner, for appellee, United States Steel Corporation.
OPINION BY JUDGE CRAIG, September 11, 1986:
In these consolidated appeals, appellant Butler County[1] challenges orders of the Court of Common Pleas of Butler County upholding the constitutionality of section 704 of The Fourth-to-Eighth Class County Assessment Law (Law),[2] 72 P.S. §5453.704, and reducing the assessed values of appellees Armco Steel's and United States Steel's industrial real estate[3] by applying *455 the State Tax Equalization Board (STEB) common level ratio to Armco's properties' 1984 market value and U.S. Steel's property's 1984 market value, instead of the predetermined ratio permitted under section 602 of the Law, 72 P.S. §5453.602.
Section 602 of the Law reads in pertinent part as follows:
After there has been established and completed for the entire county the permanent system of records consisting of tax maps, property record cards and property owners' index, as required by section 306 of the act herein amended, real property shall be assessed at a value based upon an established predetermined ratio, of which proper notice shall be given, not exceeding seventy-five per centum (75%) of actual value.. . . In arriving at actual value the county may utilize the current market value or it may adopt a base year market value.
Butler County, pursuant to section 602, has adopted 1969 as its base year and determines a property's assessed value by applying a predetermined ratio of 75% of the property's base year market value. Consequently, the Butler County Board of Assessment determined Armco's Butler County properties' market and assessed values to be $24,455,014 and $18,341,261, respectively, for the 1984 tax year. The board determined United States Steel's Butler County property's market and assessed values to be $2,697,350 and $2,023,303 for the 1983 tax year.
Armco and United States Steel appealed the 1984 assessments to the Butler County Board of Assessment *456 and sought reductions of the assessed values. After conducting separate hearings concerning Armco's and United States Steel's respective assessments, the board denied the appeals and retained the assessments on the appellees' respective properties.
From the board's denial of their appeals, Armco and United States Steel appealed to the court of common pleas. Taxpayer assessment appeals are governed by section 704 of the Law, which reads in pertinent part as follows:
(b) In any appeal of an assessment the court shall make the following determinations:
(1) the current market value for the tax year in question.
(2) the common level ratio.
(c) The court, after determining the current market value of the property for the tax year in question, shall then apply the established predetermined ratio to such value unless the common level ratio varies by more than fifteen per centum (15%) from the established predetermined ratio, in which case the court shall apply the common level ratio to the current market value of the property for the tax year in question.
(d) Nothing herein shall prevent any appellant from appealing any base year valuation without reference to ratio.
Consequently, once a taxpayer appeals its assessment to a court of common pleas, section 704 of the Law requires the court to determine (1) the property's current market value for the year in question and (2) the common level ratio established by the STEB. Furthermore, section 704 requires the court to apply the STEB common level ratio to the current market value if the STEB common level ratio varies by more than 15% from the established predetermined ratio.
*457 Consistent with the requirements of section 704, the court of common pleas determined the current market value of Armco's Butler County properties to be $19,500,000. The parties stipulated that the current market value of United States Steel's Butler County property was $2,699,000. Because the court, pursuant to stipulation by the parties, determined the STEB common level ratio for Butler County to be 23.9% and 26.9%,[4] both of which vary by more than 15% from the established predetermined ratio of 75%,[5] the court, as required by section 704, applied the STEB common level ratios to the current market values of the properties in question. Consequently, the court of common pleas reduced the assessed values of Armco's and United States Steel's Butler County properties to approximately $4,600,000 and $726,000, respectively.[6]
*458 From the court decrees reducing the assessments, Butler County appealed to this court, where it contends that section 704 of the Law operates to violate the "uniformity clause" of art. VIII, §1 of the Constitution of the Commonwealth of Pennsylvania,[7] and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. The county specifically contends that, once it adopted the predetermined ratio of base year market value real estate assessment method described in section 602 of the Law, application of section 704 of the Law is unconstitutional because it results in discriminatory treatment of taxpayers in contravention of the "uniformity clause" by requiring the use of one method of assessing real estate administratively and a different method of assessment only as to those taxpayers who appeal. We cannot agree.
In tax matters, alleged violations of the equal protection clause and the uniformity clause are analyzed in the same manner; a taxpayer alleging that the administration of a tax violates its rights to be taxed uniformly with others of its class must demonstrate deliberate, purposeful discrimination in the application of the tax before constitutional safeguards are violated. Commonwealth of Pennsylvania v. Westinghouse Electric Corp., 478 Pa. 164, 386 A.2d 491 (1978). Furthermore, the constitutional mandate requiring uniformity is met where the taxing authority assesses all property at the same percentage of its actual value; application of such a uniform ratio assures each taxpayer will be held responsible *459 for its pro rata share of the burden of local government. Appeal of Johnstown Associates, 494 Pa. 433, 431 A.2d 932 (1981).
After studying the Law and ascertaining the purposes of sections 602 and 704, we are unable to conclude that there exists any discriminatory intent or effect inherent in the law. Taking into account that a countywide assessment or reassessment may take several years to accomplish, section 602 provides an efficient administrative method of assessing real estate by permitting a county to use a base year market value which may or may not reflect the property's current year market value, and for the sake of constancy with respect to ratio  avoiding annual changes of ratio  permits the county to use a predetermined ratio not exceeding 75%. However, section 704 provides counties with an incentive to maintain the consistency and integrity of their administrative assessments by establishing a method of reviewing administrative assessments that is based upon applying the STEB common level ratio to a property's current market value.
The common level ratio is the ratio of assessed value to current market value as determined by the STEB. In determining the common level ratio, the STEB uses a methodology known as the aggregate market value or sales ratio studies approach. 61 Pa. Code §603.1. As part of this method, the STEB develops market value conversion indexes using data from transfers of property in which there are bona fide selling prices. See 61 Pa. Code §603.31. The county provides the data to the board on a monthly basis.
Unlike the review assessment method of section 704, the administrative assessment method of section 602 appears to assume constancy in the value of real estate. Therefore, the administrative method is immune to dynamic factors which operate to cause a piece of real *460 estate's value to appreciate or depreciate. Accordingly, unremitting adherence to the administrative method could distort the assessment picture. A taxpayer could pay substantially more or less than his proportionate share of government by paying taxes based upon a predetermined ratio of a property's base year value where the current market value is, in fact, substantially less or greater than its base year value.
However, our conclusion is that the Law, by coupling section 704 with section 602, recognizes that administrative assessments may not be perfect and that values will not be constant.
The county illustrates what it perceives as unfair treatment of taxpayers by using an example of Smith and Jones properties, each having a market value of $50,000 in the base year, so that a 75% predetermined ratio would cause each of their assessed values to be $37,500.00. The example further assumes that only one party, Smith, appeals his assessment in the current year, and the court determines a current market value of $100,000 and obtains an STEB common level ratio of 25%. The county therefore argues that the party who appealed achieves an assessment of $25,000, but the party who did not appeal remains subject to an assessment of $37,500 as previously determined administratively.
In any equation, to maintain a constant result when one variable changes, another must change to counterbalance it. If a county has accurately determined the base year market values to which it initially applied the predetermined ratio to determine assessed value, and the STEB common level ratio, as determined in a later year, shows that assessed values have become just 25% of current market values, instead of 75%, the unavoidable mathematical conclusion  with assessed values remaining constant  is that market values generally *461 have trebled, with the result that the new Smith property value could well be $150,000 and the 25% assessment therefore still $37,500. Accordingly, the county's illustration is unrealistic.
Quite apparently, the Law's theory is that, by holding out to property owners the opportunity to take appeals which can test the base-year-value predetermined-ratio equation, the results of those appeals will inform the county and force it to monitor and reform its assessment levels to reflect reality. The STEB common level ratio operates as a multiplier used to convert current market values to equivalent base-year assessed values. Here the county failed to make that conversion.
Accordingly, the order of the Court of Common Pleas of Butler County is affirmed.

ORDER
NOW, September 11, 1986, the orders of the Court of Common Pleas of Butler County here appealed are affirmed.
Judge BARRY dissents.
NOTES
[1] The actual appellants in these consolidated appeals are the Butler Area School District, City of Butler, Butler Township and the Board of Assessment and Appeals of Butler County.
[2] Act of May 21, 1943, P.L. 571, art. VII, §704, as amended, 72 P.S. §5453.704.
[3] The Armco properties at issue are six (6) improved parcels located in Butler Township which house Armco's "Main Plant" and three (3) improved parcels located in the City of Butler which house Armco's "Stainless Plant." The United States Steel property at issue is in Clinton Township and known as the United States Steel Sintering Plant.
[4] The mention of two STEB common level ratios indicates that different ratios were in effect during 1983 and 1984, the years in which the questioned assessments were made. We note that the trial court used a wrong ratio to calculate the U. S. Steel property assessment. However, the parties have not raised that issue on appeal.
[5] The county contends that subsection (c) of section 704, which refers to the 15% deviation, is void due to vagueness as to how the 15% is to be calculated. The county argues the subsection can be read to mean (1) 15% of the established predetermined ratio; (2) 15% of the common level ratio; or (3) a 15 percentage point spread between the two percentages. However, in City of Wilkes-Barre Industrial Development Authority v. Board of Tax Assessment Appeals of the County of Luzerne, 100 Pa. Commonwealth Ct. 486, 514 A.2d 1012 (1986), this court has determined that the correct method of calculation is that 15% of the established predetermined ratio is to be added to and subtracted from the established predetermined ratio to ascertain when the common level ratio is to be applied. Any other interpretation would be absurd and unreasonable in contravention of section 3 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922.
[6] The $726,000 assessment of the U.S. Steel Butler County property may be inaccurate because U.S. Steel and the board stipulated an incorrect STEB common level ratio for the 1984 assessment. However, neither party has raised this issue; thus, this court will not volunteer to correct the possibly erroneous choice of numerical factors.
[7] "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."