# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Appeal of Carole Landis and Lester
R. Garnas Owner, From the Decision
of the Board of Assessment Appeals
of Delaware County in Connection with
Premises Situate 243 Valley Ridge
Road, Haverford Township,
Pennsylvania, Relating to 2014 Interim
Real Estate Assessment and all
Subsequent Assessments During the
Pendency of the Appeal

Folio No.: 22-04-00696-66

Appeal of Carole Landis and Lester
R. Garnas Owner, from the Decision
of the Board of Assessment Appeals
of Delaware County in Connection
with Premises Situate 243 Valley Ridge
Road, Haverford Township,
Pennsylvania, Relating to 2015 Annual
Real Estate Assessment and All
Subsequent Assessments During the
Pendency of the Appeal

Folio No.: 22-04-00696-66

In Re: Appeal of Joseph C. Swift and
Cathy M. Swift, Owner, from the
Decision of the Board of Assessment
Appeals of Delaware County in
Connection with the Premises Situate
117 Green Lane, Haverford Township,
Pennsylvania Relating to 2016 Interim
Real Estate Assessment and All
Subsequent Assessments During
Pendency of Appeal

Folio No.: 22-04-00451-53

Appeal of: Carole Landis, Lester
Garnas, Joseph Swift, and Cathy Swift

No 602 C.D. 2018
Argued: March 14, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge (P.)
           HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: April 18, 2019**


        This tax assessment appeal challenges an order of the Court of Common Pleas of Delaware County (trial court), assessing their properties using fair market value when Delaware County (County) adopted a base-year method. In two appeals, consolidated in the trial court,[1] Lester R. Garnas and Carole Landis (Garnas/Landis) and Joseph C. and Cathy M. Swift (the Swifts) (collectively, Taxpayers) appealed the accuracy of the base-year values the Delaware County Board of Assessment (Board) used when determining the assessments of their newly constructed properties in 1998 dollars. Taxpayers assert the trial court's order disregarded the Consolidated County Assessment Law, 53 Pa. C.S. §§8801–8868 (Law), which allows appeals as to base-year value without reference to ratio.


        Because the trial court's opinion is unclear, and it relied upon its decision in separate litigation instead of analyzing these appeals under the Law, we are unable to effectively exercise appellate review. Therefore, we vacate the trial court's order, and we remand to the trial court for a reasoned decision.

---

[1] Although the trial court issued an order "upon stipulation of the parties" consolidating the appeals of the Smiths' and Garnas/Landis' assessments, Reproduced Record at 37a, there was no effective, complete consolidation because the parties are not identical. See Kincy v. Petro, 2 A.3d 490 (Pa. 2010). As a result, the parties should have filed separate appeals to this Court, id., one as to each parcel. Notwithstanding this procedural error, and without prejudice to the parties' appeal rights, we shall address the merits.

# I. Overview

Delaware County uses a base-year system of property valuation. Under that system, a property's assessment is set at 100% of the property's value in the base year. The County performed its last countywide reassessment effective as of January 1, 2000. At that time, every property was assessed at its value on <u>January 1, 1998</u>. That base-year value remains set as of 1998 until the next reassessment. Accordingly, properties existing in 1998 are assessed equal to their 1998 value.

Taxpayers own newly constructed residences in the same community in the County. The parcels containing the new construction were previously assessed in their unimproved state using 1998 values. Because Taxpayers' homes did not exist during the last reassessment, the Board assessed Taxpayers in 2014, 2015 and 2016 based on the new construction using software designed to generate the 1998 values for the properties in their improved state. This base-year valuation attempts to transform the construction cost or comparable sales into 1998 dollars.

As a result of a uniformity challenge in a separate tax assessment appeal, on January 17, 2017, the trial court ordered a new countywide reassessment (Reassessment Order). Relevant here, the Reassessment Order stated that until the reassessment was completed, "the prevailing Pennsylvania Tax Equalization Division (formerly STEB [State Tax Equalization Board])[2] <u>ratio shall be applied to all tax assessment appeals</u>." Reproduced Record (R.R.) at 164a (emphasis added). The reassessment is scheduled for 2021.

---

[2] Using county-provided data on the prior year's arm's-length transactions, STEB computed and published in the Pennsylvania Bulletin "the actual ratio of assessed to current market value in each county for real estate tax purposes." 27 Summ. Pa. Jur. 2d Taxation §15:23 (2d ed.). This common level ratio (CLR) provides relief when assessed values are lower than actual market values.

## A. Factual Background

### 1. Garnas/Landis Assessments & Appeal

Garnas/Landis purchased a home located at 243 Valley Ridge Road in Haverford Township (Township) (Valley Property) in an arm's-length transaction for $1,234,992.98. Shortly thereafter, in October 2014, Garnas/Landis received an interim assessment notice from the Board advising it increased the assessment from $7,682 to **$830,380** based on "new construction." R.R. at 1a (Interim Notice). Significantly, the Interim Notice stated: "Assessment is 100% of <u>Market Value/ 1998 Base Year</u>." <u>Id.</u> (emphasis added). Garnas/Landis received an assessment in the same amount for the 2015 annual assessment.

Garnas/Landis appealed the 2014 interim and 2015 annual assessments to the Board. Following a hearing in December 2014, the Board issued a decision fixing the assessment for the Valley Property as **$830,380** (using the "cost value," as opposed to "market value" based on comparable sales circa 1998). R.R. at 74a.

In December <u>2014</u>, Garnas-Landis appealed the 2014 interim and the 2015 annual assessments to the trial court, which consolidated the two appeals. Township, the School District of the Township, and the County (collectively, Taxing Entities) intervened.

### 2. Swift Assessment & Appeal

In November 2015, the Swifts purchased property located at 117 Green Lane in the Township (Green Property) in an arm's-length transaction for

$1,351,327.00. In January 2016, the Swifts received an interim assessment increasing the assessed value from $7,682 to **$872,380** based on "new construction." R.R. at 17a. Like the Interim Notice issued to Garnas/Landis, the Swifts' interim notice also stated: "Assessment is 100% of Market Value/1998 Base Year." Id.

The Swifts appealed the 2016 assessment to the Board asserting, among other issues, that they were "entitled at [their] election to Base Year Value Pursuant to [Section 8844(e)(2) of the Law,] 53 Pa. C.S. §8844(e)(2)." R.R. at 20a. Following a hearing on March 18, 2016, the Board denied the appeal, fixing the assessment for the Green Property as **$872,380**.

The Swifts appealed to the trial court, asserting among other grounds, their entitlement to appeal "a base-year valuation without reference to ratio." 53 Pa. C.S. §8854(a)(9)(i). Initially, their appeal was heard by an arbitration panel, which awarded an assessment of $515,000 for tax years 2016 through 2018. R.R. at 32a. The District appealed the award to the trial court. R.R. at 35a.

In November 2017, "upon stipulation of the parties," the Swifts' appeal was transferred to the trial judge here, and then consolidated with the Garnas/Landis appeals. R.R. at 37a.

**B. Undisputed Facts & Procedural History**

Taxpayers' appeals raised the same challenges based on similar facts. In setting the assessment for the Green Property and the Valley Property (collectively, Properties), the Board's software calculated both: (1) the cost value of construction

4

in 1998 dollars; and (2) a market value/comparable sales value using sales of similar properties in or around 1998. For the Valley Property, the purported market value was $699,510, as compared to the cost of construction value of $830,380. For the Green Property, the purported market value as of January 1, 1998 was $712,320, as compared to the cost value of $872,380, more than $150,000 higher. Taxpayers contested the Board's use of the higher cost values to set the 1998 base-year values.

**1. Joint Stipulation**

In December 2017, Taxpayers and Taxing Entities filed a joint stipulation of facts with respect to the consolidated appeals. R.R. at 39a-42a (Stipulation). Because the parties stipulated to the current fair market and base-year values, they did not present expert testimony establishing these values to the trial court. Further, the original assessments, as affirmed by the Board after hearing, were not presumed valid.

As to base-year values, the parties stipulated that the amounts agreed upon "represent[ed] the result of competent credible evidence of the [Properties'] base year value in 1998." Stipulation, ¶¶9, 16. The stipulated base-year values were $600,000 for the Valley Property, and $650,000 for the Green Property. The parties also stipulated these values should be the assessments <u>if</u> the trial court accepted Taxpayers' 1998 base-year argument.

As to current fair market value, the parties stipulated the value of the Valley Property was $1,250,000 as of tax years 2014 through 2018. R.R. at 39a. The parties stipulated the fair market value of the Green Property was $1,350,000 as

5

of tax years 2016, 2017 and 2018. R.R. at 41a. The parties also stipulated to the common level ratios (CLRs) for the relevant tax years in the event the trial court determined the proper assessment was by application of the CLR to current fair market value.

Significantly, the parties further agreed the trial court shall take judicial notice that "[a] countywide reassessment has already been ordered by the [trial court] as a result of the trial held under Docket 14-11291 and 15-108 Consolidated [Kaufman appeal]." Stipulation, ¶17; R.R. at 42a. As a result of the Kaufman appeal, the trial court issued the Reassessment Order.

In their briefs to the trial court, Taxpayers argued that the Board's choice to use the higher cost value when determining the 1998 base-year value for the Properties was not explained, nor were the disparities in value yielded by the two methods resolved. Taxpayers emphasized the language in the Interim Notice, that "ASSESSMENT IS 100% MARKET VALUE/1998 BASE YEAR," R.R. at 1a, 17a, reflected the calculation underlying the base-year assessment was premised on the market value as of 1998 as the base year. However, contrary to the "market value" language, the Board used the cost value. R.R. at 74a, 78a.

Taxpayers sought very narrow relief, asking the trial court to "set the interim assessment for their newly constructed propert[ies] in accordance with the agreed upon January 1, 1998 market values." R.R. at 64a. They argued applying the CLR to the stipulated current fair market values would result in more inequity

6

and a higher assessment for new construction until the scheduled reassessment in 2021.

## 2. Trial Court Disposition

Based on the stipulated facts, briefing and oral argument, the trial court rejected the Board's assessment using the 1998 base-year values. It also rejected Taxpayers' argument that an appeal of a base-year valuation required adoption of a specific method for determining base-year value. Ultimately, the trial court determined the assessments for the Properties using the stipulated current (not base-year) fair market values.

As to the Valley Property, with a stipulated current fair market value of $1,250,000.00, it set the interim and yearly tax assessments as:

| | |
|---|---|
| TY 2014 | $925,000 (Interim) |
| TY 2015 | $847,500 |
| TY 2016 | $847,500 |
| TY 2017 | $812,500 |
| TY 2018 | $763,750 |

As to the Green Property, with a stipulated current fair market value of $1,350,000.00, it set the interim and yearly tax assessments as:

| | |
|---|---|
| TY 2016 | $915,000 (Interim) |
| TY 2017 | $877,500 |
| TY 2018 | $824,850 |

See Tr. Ct. Order, 4/4/18, Appellants' Br. at Ex. A. It is noteworthy that these values are higher than those assessed by the Board, from which Taxpayers initially appealed. Taxpayers appealed further to this Court.

7

As directed, Taxpayers filed a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b). They assigned error to the trial court for rejecting their argument that the assessed value of the Properties should be set using the base-year value without regard to ratio.

In its Rule 1925(a) opinion, the trial court relied heavily upon its Reassessment Order in the Kaufman appeal. It set the assessments for the Properties using current fair market value based on its Reassessment Order and conclusion that using 1998 base-year values resulted in inequity.

## II. Discussion

On appeal,[3] Taxpayers emphasize their right to challenge the base-year valuation without reference to ratio under Section 8854(a)(9) of the Law. Taxpayers argue that since the Board set the assessments for new construction using a 1998 base-year value, they are entitled to challenge the underlying calculations for that value. Further, they contend that since the Stipulation established the base-year fair market value of the Properties, the trial court erred in not adopting that value. Taxpayers maintain the trial court's imposition of current fair market value in a base-year system disregarded Taxpayers' appeal rights to dispute the base-year valuation. In addition, they assert applying a ratio to the current fair market value of the Properties here perpetuates inequity of taxation because there is a recognized lack of uniformity in the County, causing Taxpayers to bear more of the tax burden.

---

[3] Our review of tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a decision not supported by substantial evidence. Daugherty v. Cty. of Allegheny, 920 A.2d 936, 938 n.4 (Pa. Cmwlth. 2007).

8

Taxpayers ask this Court to reverse the trial court and set the assessments for the Properties at the stipulated base-year values.

Taxing Entities counter that current fair market value assessment is supported by case law and appropriate when the base-year method resulted in widespread inequity, as evinced by the Reassessment Order. They contend the Law requires the trial court to apply a value that accurately reflects the true value of the Properties, which is the CLR applied to the current fair market value.

Having stipulated to the amounts of the assessments for the Properties based on the different valuation methodologies, the parties dispute the substantive requirements of the Law, and whether the trial court erred in setting the assessments. Instead of using the stipulated base-year values to assess the Properties as of January 1, 1998, as Taxpayers requested, the trial court applied the CLR to the stipulated current fair market values using Taxing Entities' proffered method.

**A. Base-Year Valuation**

The County is a county of the second class A governed by the Law. Section 8842 of the Law provides that a county may "utilize the current market value or it may <u>adopt a base-year market value</u>" to arrive at a property's "actual value" for assessment purposes. 53 Pa. C.S. §8842 (emphasis added). "Base year" is defined as:

> [t]he year upon which real property market values are based for the most recent countywide revision of assessment of real property or other prior year upon which the market value of all real property of the county is based for assessment purposes.

53 Pa. C.S. §8802.

9

The County adopted the base-year method of assessment, determining values as of January 1, 1998, its most recent countywide reassessment. Accordingly, all base-year values are expressed in 1998 dollars. The County set its predetermined ratio at 100% of actual value, and thus, reassessed all real estate in the county at its actual value for the base year. Under a base-year system, each year after the base year, until the next countywide reassessment, while a property's actual value may change, its *assessment* ordinarily remains static, fixed at its base-year level. Clifton v. Allegheny Cty., 969 A.2d 1197 (Pa. 2009). As our Supreme Court explained,

> [t]his is because a county utilizing a base year method of valuation typically does not consider market fluctuations subsequent to the base year when assessing "current value," or factor in variables such as improvements to a property that may increase its assessed value. If a building is constructed on a lot that was vacant during the base year, the property's assessed value is determined by using either [1] sales of comparable properties in the base year or [2] base year construction schedules.

Id. at 1203 (emphasis added).

The Law provides that an assessment using base-year value may be changed to account for substantial improvements such as new construction. 53 Pa. C.S. §8817. "[B]ecause of the discrepancy between present-year dollars and base-year dollars, when [the Board] alters the value associated with a particular piece of property ... the [B]oard designates the new value in terms of base year dollars." Clifton, 969 A.2d at 1197 n.7 (citation omitted); see also 53 Pa. C.S. §8802 ("Real property market values shall be equalized within the county and any changes by the board shall be expressed in terms of base-year values.").

In a base-year county, a taxpayer may challenge a property assessment by arguing the assessed value exceeds the market value determined by using base-year values. Daugherty v. Cty. of Allegheny, 920 A.2d 936 (Pa. Cmwlth. 2007); Nernberg v. Bd. of Property Assessment, Appeals & Review (Pa. Cmwlth., No. 285 C.D. 2008, filed December 5, 2008), 2008 WL 9404700 (unreported). Section 8854(a)(9)(i) of the Law provides: "Nothing in this subsection shall ... [p]revent an appellant from appealing a base-year valuation without reference to ratio." 53 Pa. C.S. §8854(a)(9)(i) (emphasis added).

Based on the above-quoted language from Clifton, Taxpayers maintain that the base-year method remains the proper method of valuation for properties reassessed "due to new construction." R.R. at 1a, 17a. While conceding that both of the Board's approaches to base-year value (construction cost and market/sales) are consistent with Clifton, Taxpayers assert only market value is proper here because the Interim Notice stated "Assessment is 100% Market Value/1998 Base Year." Id.

This Court recognizes "[i]t is the taxpayer's decision which theory to pursue in its assessment appeal, i.e., that the assessment exceeds the current market value or the assessment is based upon an incorrect base[-]year market value." Daugherty, 920 A.2d at 943 (emphasis added). In this appeal, consolidated below, Taxpayers pursued several theories before settling on the single theory before the trial court. Significantly, when the trial court resolved these consolidated appeals, Taxpayers questioned the accuracy of Board's base-year valuations of the Properties because the Board used cost values instead of market values as of 1998.

11

Before this Court, Taxpayers reframe the issue to account for the trial court's broad rejection of base-year methodology. Taxpayers assert an entitlement to assessments using base-year, as opposed to current fair market, values premised on the language in two provisions of the statute: Section 8844(e)(2) of the Law, 53 Pa. C.S. §8844(e)(2) (relating to appeals to board); and Section 8854(a)(9) of the Law, 53 Pa. C.S. §8854(a)(9) (relating to appeals to court) (Appeal Provisions).

## B. Appeal Provisions

Taxpayers argue the trial court was bound to adopt the stipulated base-year values for the Properties under the Appeal Provisions. The Appeal Provisions contain virtually identical language. <u>Compare</u> 53 Pa. C.S. §8844(e)(2) ("Nothing in this paragraph shall prevent an appellant from appealing a base-year valuation without reference to ratio"), <u>with</u> 53 Pa. C.S. §8854(a)(9)(i) ("Nothing in this subsection shall: (i) Prevent an appellant from appealing a base-year valuation without reference to ratio.").

By their plain language, the Appeal Provisions protect the right to appeal from a Board's base-year valuation when an assessment was predicated on a base-year method, and the taxpayer alleged an inaccuracy in the base-year value. <u>See</u> 53 Pa. C.S. §§8844(e)(2), 8854(a)(9). However, this statutory recognition of the *right to appeal* from base-year valuations does not expressly confer the *right to receive* a base-year valuation.

12

This Court recognizes the Appeal Provisions allow a right "to appeal 'a base-year valuation without reference to ratio.'" See, e.g., Corey v. Washington Cty. Bd. of Assessment Appeals (Pa. Cmwlth., No. 970 C.D. 2013, filed May 13, 2014), slip op. at 4, 2014 WL 1912363 at *2 (unreported) (allowing taxpayer to appeal accuracy of base-year value despite taxing district's challenge that the assessment did not reflect current fair market value). The Appeal Provisions afford a taxpayer an opportunity to protect against a taxing authority's request to increase an assessment to current market value despite the county's adoption of a base-year system. Id.

In Corey, a taxing district claimed the fair market value was higher than the assessed value. Initially, the board agreed and it increased the assessed value. The taxpayer appealed, arguing the revised assessment was based on an incorrect base-year value. At trial, the assessor conceded the revised values should have been expressed in 1981 base-year dollars, because the county adopted 1981 as its base year. However, the revised values were based on present value, using 2013 dollars. The trial court considered appraisals of the property based on 1981 values, and then set the 1981 base-year value accordingly. The taxing district appealed, arguing the trial court improperly took judicial notice of the appraisals. This Court affirmed the trial court, and so approved use of the base-year valuation.

However, we held the Appeal Provisions created no substantive rights to a base-year valuation, even in a base-year system, when the property owner did not timely appeal its accuracy. See In re Appeal of Springfield Sch. Dist., 101 A.3d 835 (Pa. Cmwlth. 2014).

13

In Springfield, a taxing district in Delaware County appealed the Board assessment of commercial properties arguing in favor of a higher fair market value. The commercial property owner claimed that the appropriate valuation date was January 1, 1998, the base year in the County, not the effective date of the appeals. Relevant here, the trial court construed Section 8854(a)(9) of the Law as setting forth potential appeal grounds, not as requiring a base-year valuation. Important to its reasoning was that the timeframe within which the owner could challenge the base-year valuation in 1998 "ha[d] long expired." See Appellees' Br., Ex. A (Trial court opinion in Springfield, at 6 (Fizzano Cannon, J.)).

The trial court in Springfield reasoned that applying the base-year valuation would allow the use of outdated information without regard to changes over a 15-year period. The court found that application of the base-year value was unconstitutional, noting the inequities caused by prolonged use of a base-year system. The trial court also noted the evidence as to value in 1998 was deficient.

On appeal, this Court agreed the property owner was not entitled to a base-year valuation because the Law required the trial court to determine market value as of the date the appeal was filed before the Board. We reasoned that the Appeal Provisions do not conflict with provisions requiring a board or a court to make fair market valuations as part of the review process. Citing Daugherty favorably, we explained an assessment appeal allows "the assessor's 'actual value' [to] be corrected where it is wrong *either because the base-year market value was incorrect or because the market value changed*." Springfield, 101 A.3d at 845 (italics in original). The limitation of appeals of base-year valuations to the accuracy

14

of the underlying values, is consistent with, and indeed advances, the Law's goal of attaining accurate assessments of property.[4]

The Law recognizes valid assessments are set using base-year valuation, and it accounts for appeals from valuations in counties that adopted the base-year system. Our decisions applying the Appeal Provisions likewise recognize the base-year method and a taxpayer's right to challenge its accuracy. Springfield; Corey.

Here, Taxpayers timely challenged the assessments, asserting the Board erred in using cost value to determine the Properties' values in 1998 dollars when the Interim Notices advised the assessments were "100% Market Value." R.R. at 1a, 17a. It was their decision to pursue that appeal ground from the start. Daugherty.

Moreover, the circumstances here presuppose the legitimacy of the base-year method. The assessments of the Properties were derived using base-year valuation, and the Board upheld those assessments. Thus, the legitimacy of the base-year method (as opposed to its accuracy) is beyond peradventure. In questioning the legitimacy of base-year valuation, the trial court erred.

Notwithstanding the trial court's legal error, we are unable to grant Taxpayers the relief they seek. Taxpayers ask this Court to reverse the trial court's adoption of the current fair market values, and set the assessments at the base-year market values to which the parties stipulated. However, on this limited record, and unaided by the trial court's opinion, we cannot conduct effective appellate review.

_____

[4] We noted that allowing a request for a base-year valuation without regard to the confines of the Appeal Provisions is potentially problematic because a request for base-year valuation may be motivated by a desire for a lower assessment rather than ensuring a more accurate assessment, which is the goal of the Law.

15

## C. Appellate Review of Valuation

The trial court's disposition of this matter reveals confusion regarding the applicable law. In its few pages of analysis, the Rule 1925(a) opinion explains the order appealed from "followed the procedure mandated [by] [the Reassessment Order] in determining the amounts of [Taxpayers'] taxation and [thus] … there was no error in affirming the [Board's] assessment of the taxation for the [Properties] …" Tr. Ct., Slip Op., 6/26/18, at 23-24 (emphasis added). The trial judge's rationale is problematic for several reasons.

First, the trial court's characterization of its order is erroneous — it did not affirm the Board. The Board assessed the Properties at **$830,380** for the Valley Property and **$872,380** for the Green Property using the base-year method. Critically, the trial court adopted the current fair market value approach Taxing Entities requested, which set the assessments much higher, at **$925,000** (Valley Property) and **$915,000** (Green Property) for the same tax year. At a minimum, this discrepancy between the Board's and the trial court's orders, in both the amount of the assessments and the methodology used, reveals the trial court's misapprehension of the legal issues before it.[5]

Second, the trial court retroactively applied the unappealed Reassessment Order from a separate proceeding. Although the current litigation began in 2015, and pertained to 2014, 2015 and 2016 tax years, Taxing Entities raised the 2017 Reassessment Order as a new legal basis to impose current fair

---

[5] In addition, the transcript of argument below shows the trial judge's confusion. See Hr'g Tr., Notes of Testimony (N.T.), 4/4/18, at 12.

market value assessments on appealing Taxpayers. The Reassessment Order resulted from the <u>Kaufman</u> appeal, which involved different taxpayers and parcels. There is no opinion which accompanies the Reassessment Order. Thus, the extent to which it governs is at best unclear.

Third, the trial court apparently drew upon knowledge it obtained during the <u>Kaufman</u> appeal. Though the trial court took judicial notice of the fact that a reassessment was ordered, the trial court was not authorized to take judicial notice of the proceedings in that separate assessment appeal. <u>Callery v. Mun. Auth. of Blythe Twp.</u>, 243 A.2d 385 (Pa. 1968). The parties also cite to the record created before the trial judge in the <u>Kaufman</u> appeal. <u>See</u> Appellants' Br. at 30. The parties acknowledge that the taxpayers involved in <u>Kaufman</u> were residents in the same community, and also challenged their increased assessments due to new construction. But those purported facts are not in the record; as such, this Court may not consider them. That the trial judge relied on facts not in evidence impairs our review of its decision.

This Court's effective appellate review is also compromised because the trial court did not explain the legal grounds for its decision other than the Reassessment Order. Essentially, the trial court resolved this matter based on a legal theory introduced late in the litigation. As applied here, the Reassessment Order unfairly impaired Taxpayers' ability to challenge the reassessment of their Properties premised on inaccurate base-year valuation. <u>Daugherty</u> (holding board rule mandating use of specific methodology violated taxpayer's right to select appeal theory). That was Taxpayers' one remaining ground for appeal from new

17

assessments, (*i.e.*, "100% Market Value/1998 Base Year") by the time the trial court considered the issue. That ground is protected by the Appeal Provisions.

Because this Court lacks sufficient information to conduct effective appellate review, we vacate the trial court's order and remand to the trial court to explain its reasoning for rejecting the base-year valuation without reliance on its unappealed Reassessment Order. On remand, the trial court shall accept that base-year valuation is a legitimate method for property assessment recognized by the Law, and proper grounds for an assessment appeal under the Appeal Provisions. Then, confined to the single legal issue before it, the trial court shall also address Taxpayers' argument questioning the accuracy of the base-year value. This Court leaves to the thoughtful discretion of the trial court whether to augment the record on remand to include additional evidence pertaining to these matters.

### III. Conclusion

In sum, the trial court erred in resolving these consolidated tax assessment appeals based on separate, extra-record proceedings (Kaufman appeal), and based on its decision in those separate proceedings (Reassessment Order). Further, in its opinion, the trial court did not adequately explain its reasons for setting the assessments for the Properties using current fair market value. The discrepancy between the trial court's order, which adopted the current fair market value method of assessment, and its opinion, which purported to affirm the Board's order applying the base-year value method, manifests the trial court's confusion of the facts and law before it.

18

Accordingly, and for the foregoing reasons in the opinion, this Court is unable to conduct effective appellate review of the trial court's order. Therefore, we vacate the trial court's order, and remand to the trial court for additional proceedings. On remand, we invite the trial court to explain its rejection of Taxpayers' proffered base-year method, and to address its adoption of the current fair market value assessments based on statutory and decisional law.

ROBERT SIMPSON, Judge

Judge Fizzano Cannon did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Appeal of Carole Landis and Lester R. Garnas Owner, From the Decision of the Board of Assessment Appeals of Delaware County in Connection with Premises Situate 243 Valley Ridge Road, Haverford Township, Pennsylvania, Relating to 2014 Interim Real Estate Assessment and all Subsequent Assessments During the Pendency of the Appeal | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Folio No.: 22-04-00696-66 | : | |
| | : | |
| Appeal of Carole Landis and Lester R. Garnas Owner, from the Decision of the Board of Assessment Appeals of Delaware County in Connection with Premises Situate 243 Valley Ridge Road, Haverford Township, Pennsylvania, Relating to 2015 Annual Real Estate Assessment and All Subsequent Assessments During the Pendency of the Appeal | : | No 602 C.D. 2018 |
| | : | Argued: March 14, 2019 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Folio No.: 22-04-00696-66 | : | |
| | : | |
| In Re: Appeal of Joseph C. Swift and Cathy M. Swift, Owner, from the Decision of the Board of Assessment Appeals of Delaware County in Connection with the Premises Situate 117 Green Lane, Haverford Township, Pennsylvania Relating to 2016 Interim Real Estate Assessment and All Subsequent Assessments During Pendency of Appeal | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Folio No.: 22-04-00451-53 | : | |
| | : | |
| Appeal of: Carole Landis, Lester Garnas, Joseph Swift, and Cathy Swift | : | |

# **O R D E R**

**AND NOW**, this 18th day of April, 2019, the order of the Delaware County Court of Common Pleas (trial court) is **VACATED**, and the matter is **REMANDED** to the trial court to analyze applicable law and explain its decision, leaving to the trial court's thoughtful discretion whether supplementation of the record is necessary to render a legally and factually supported decision.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge